UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

TOPRX INC.,

        Plaintiff,

        v.                                           Case No. 09-C-0742

CEDARBURG PHARMACEUTICALS INC.,
CEDARBURG GENERIC LLC,

        Defendants.

---

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT (DOC. 53) AND SETTING A STATUS CONFERENCE

This case arises out of a note executed by Cedarburg Pharmaceuticals Inc. ("CPI") and the security agreement executed by CPI and Cedarburg Generic LLC ("Generic") as guarantors. Plaintiff, TopRx Inc., moved for partial summary judgment on the ground that the default under the note and security agreement is undisputed. Neither CPI nor Generic challenge the default. Instead, they argue that their counterclaim raises material issues of fact regarding an offset to the amounts due under the note and security agreement. Because the counterclaim is not the subject of the pending motion and there is no basis to defer ruling on the pending matter under Rule 56(d)(1), the motion for partial summary judgment will be granted.

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor.

*Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The following facts are before the court. On May 15, 2007, CPI executed and made a promissary note in favor of TopRx, as holder, in an amount equal to $622,500, together with interest at a rate of 8% per annum. (Compl. ¶ 6.) The Note was secured by a security agreement executed by and among, CPI and Generic as guarantors, and TopRx as the secured party. (Compl. ¶ 9.) Defendants failed to timely make a payment, which constitutes a default under the terms of the Note. (Compl. ¶ 11.) As a result of the default, TopRx claims damages in excess of $700,000. (Compl. ¶ 17.)

In opposing the motion for partial summary judgment, Generic and CPI assert: "TopRx seeks entry of partial summary judgment well in excess of $1 million, while CPI will show that the appropriate calculation of the amount due on the Note as of June 15, 2011, would be approximately $814,300, assuming no offset were permitted." (Doc. 61 at 7-8.) Defendants' response to plaintiff's proposed statement of material facts asserts that the amount owed to TopRx would be $814,301.06. (Doc. 64 at 6, ¶ 21.) Plaintiff accepts defendants' calculation and states::

> Defendants offered a different interpretation of the meaning of some of the terms of the Note and a different amortization of the unpaid Note obligations. After consideration of Defendant's position, TopRx accepts them for purposes of this motion.[1] The end result is that Cedarburg Pharmaceuticals' undisputed obligation in the Note is $814,301.06 as of June 15, 2011, with a per diem rate of $136.00. Terms of the Note also require an award of

---

[1] TopRx accepts defendants' following assertions: the interest rate in the note of 8% applied before and after defendants' default; defendants' position as to application of the two payments made and the resulting amortization prepared by defendants' counsel; the net result is a stipulated amount due and owing as of June 15, 2011 of $814,301.06 increasing at a per diem rate of $136.00; and gross sales referred to in the note did not add to defendants' underlying obligations. (Doc. 65 at 5; *see* Doc. 64 at 4-7, ¶¶ 15, 17, 21, 22, 23.)

2

> TopRx's attorneys' fees and costs. Finally, . . . TopRx is entitled to the
> remedies and protections under the Security Agreement.[2]

(Doc. 65 at 4.)

Hence, there is no dispute as to the amounts due under the note and agreement. Yet, CPI and Generic ask the court to deny the motion for partial summary judgment or defer ruling under 56(d)(1) because they are in the midst of discovery regarding the amounts due as a result of TopRx's alleged breach of their operating agreement. That CPI and Generic may prevail on their counterclaim and may be entitled to a setoff can be addressed after discovery has closed and this issue is resolved pursuant to a dispositive motion or at trial. Now, therefore,

IT IS ORDERED that plaintiff's partial motion for summary judgment is granted. Defendants are obligated to TopRx, Inc., in the amount of $814,301.06 as of June 15, 2011, with a per diem rate of $136, less any sum that may be due on their counterclaim.

IT IS FURTHER ORDERED that the parties appear for a status conference on Thursday, May 3, 2012, at 2:30 PM in Courtroom 222 to address the resolution of defendants' counterclaim.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

---

[2] Pursuant to the express terms of the Security Agreement, defendants' non-payment of amounts due and owing on the Note constitutes an event of default on the Security Agreement. (Compl. ¶ 19; Doc. 64 at 6, ¶ 20.)

3